**REDACTED**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **REDACTED** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 07-*154* |
| | ) | |
| MOSES L. OVERTON, | ) | |
| | ) | |
| Defendant. | ) | |

FILED
NOV 15 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

**INDICTMENT**

The Grand Jury for the District of Delaware charges that:

*Introduction*

1. At all times relevant to this Indictment, PNC Bank was a federally insured financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation (or "FDIC").

**COUNT ONE**

*Scheme to Defraud*

2. From in or about 2005 through 2006, the defendant, Moses L. Overton, possessed a number of checks associated with the checking accounts of various individuals. Among these checks were checks associated with the checking accounts of J.M., J.L. and L.L.

3. From in or about 2005 through December 2006, the defendant provided Person A, a person known to the Grand Jury, with checks associated with the checking accounts of J.M., J.L. and L.L., knowing that Person A would then use those checks to carry out the scheme further discussed in paragraph 4 below and intending to facilitate that scheme. These J.M., J.L. and L.L. checks were fraudulent checks, in that the checks were associated with checking accounts that were either closed, suspended or that contained insufficient funds to support the financial transactions discussed in paragraph 4.

4. As part of the scheme, Person A obtained access to the PNC Bank checking and/or savings accounts of various individuals ("the PNC Bank accounts"). Then, from in or around April 2005 through in or around December 2006, Person A used the check cashing function on PNC Bank automatic teller machines ("ATMs") to deposit the J.M., J.L. and L.L. checks into these PNC Bank accounts and to "cash" these checks. These deposits fraudulently inflated the apparent balance of the PNC Bank accounts and enabled Person A to make withdrawals up to $500 in cash after each transaction. During the existence of the scheme, Person A cashed approximately 73 fraudulent checks and thereby obtained approximately $36,500.

*Charging Paragraph*

5. From in or about 2005, through in or about December 2006, in the State and District of Delaware, Moses L. Overton, defendant herein, did knowingly execute, and attempt to execute, a scheme and artifice to defraud PNC Bank, a federally insured financial institution, as described more fully in paragraphs 2-4 above, incorporated herein by reference, and in execution of the scheme, on or about January 31, 2006, using the check cashing function of a PNC Bank ATM, Person A purported to deposit a check drawn on the account of J.M., which was provided to him by the defendant, into the account of M.W., knowing said check to be fraudulent, and thereby obtained $500 cash, all in violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT TWO

*Scheme to Defraud*

6. In or about April 2006, defendant Moses L. Overton opened a checking account (account number XX-XXXX-4933) and a savings account (account number XX-XXXX-0192) with PNC Bank.

7. Thereafter, in or about April 2006, defendant Moses L. Overton deposited checks into each of the above accounts. These checks were associated with various checking accounts, including those

in the names of A.C., N.F., L.J. and R.R. At the time he made the deposits, the defendant knew that the checks were fraudulent, as there were insufficient funds in the accounts on which the checks were written and/or the accounts on which the checks were written had been closed or suspended. These deposits fraudulently inflated the apparent balance in the defendant's PNC Bank accounts, enabling the defendant to make withdrawals in excess of the actual available funds therein. Once deposits of these checks were credited by PNC Bank, the defendant then withdrew funds from the respective accounts prior to discovery by bank officials that the deposited checks were worthless and fraudulent. In this way, the defendant obtained money and caused losses to PNC Bank in excess of $1,000.

*Charging Paragraph*

8. In or about April 2006, in the State and District of Delaware, defendant Moses L. Overton did knowingly execute, and attempt to execute, a scheme and artifice to defraud PNC Bank, a federally insured financial institution, as described more fully in paragraphs 6-7 above, incorporated herein by reference, and in execution of the scheme, on or about April 13, 2006, the defendant withdrew $195 cash from PNC checking account number XX-XXXX-4933, all in violation of Title 18, United States Code, Sections 1344 and 2.

## COUNT THREE

9. On or about February 2, 2007, in the State and District of Delaware, defendant Moses L. Overton, willfully, knowingly and with the intent to deceive Gregory Automotive Group, and for the purpose of obtaining something of value and for other purposes, to wit, taking possession of a 2001 Jeep Grand Cherokee, falsely represented that Social Security account number XXX-XX-4531 was the Social Security number assigned to him by the Commissioner of Social Security when, in fact, that number had been assigned to B.C. and was not the Social Security number assigned to the defendant, in violation of Title 42, United States Code, Section 408(a)(7)(B).

## COUNT FOUR

10. On or about February 2, 2007, in the State and District of Delaware, defendant Moses L. Overton did knowingly use, without lawful authority, a means of identification, that is, a Social Security number of another person, during and in relation to a violation of Title 42, United States Code, Section 408(a)(7)(B), as described in paragraph 9 above, all in violation of Title 18, United States Code, Section 1028A.

A TRUE BILL:

Foreperson

COLM F. CONNOLLY
United States Attorney

BY: *Christopher J. Burke*
Christopher J. Burke
Assistant United States Attorney

Dated: November 15, 2007