# UNITED STATES DISTRICT COURT

District of     DELAWARE

UNITED STATES OF AMERICA
V.
MOSES L. OVERTON,
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 07-154-SLR

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  ☐ under 18 U.S.C. § 924(c).
☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.
☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☐ clear and convincing evidence ☒ a preponderance of the evidence that

Based on the Indictment, the report of the Probation Office, and other information provided to the Court during the detention hearing, the Court finds by a preponderance of evidence that no combination of conditions could reasonably assure that the Defendant would appear for all Court events in this matter.

The Court has reached these conclusions based on the following findings and for the following reasons, as well as those stated from the bench at the conclusion of the detention hearing:

the nature and circumstances of the offense: the Defendant is accused of aiding and abetting bank fraud, bank fraud, fraudulent use of a social security number, and aggravated identity theft. His charges relate to three fraudulent schemes in which he allegedly used checks and/or the social security number of another individual to withdraw money from bank accounts or to purchase a vehicle.
the weight of the evidence: the existence of the Indictment reflects that the grand jury found probable cause with respect to each of the four offenses charged.

the history and characteristics of the Defendant: there are three outstanding warrants for the Defendant's arrest: (1) a 2001 warrant out of Philadelphia relating to a theft offense; (2) a January 2003 warrant out of Baltimore relating to a marijuana possession charge; and (3) an April 2003 warrant out of Doylestown, PA for an unknown charge. Significantly, warrants (1) and (3) above are in one of Defendant's aliases, "Aaron Hines." There is evidence that Defendant has used three aliases, including one in connection with his arrest in 2008 relating to the instant charges. The Defendant has no ties to Delaware and is facing a substantial amount of prison time if convicted of these charges. While the Defendant appears to have a good employment history and the support of his mother and sister (who have offered to let him live in their home, as he has done before), this is not enough to overcome the poor history of appearing for court appearances already described.

AO 472 (Rev. 12/03) Order of Detention Pending Trial

the nature and seriousness of the danger to the community that would be posed by the Defendant's release: this factor does not impact the Court's decision in this case.

**Part III—Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| JULY 22ND, 2008 | _[signature]_ |
|---|---|
| Date | Signature of Judge |
| | Hon. Leonard P. Stark |
| | Name and Title of Judge |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).